UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

KEVIN V. BYNG,

                      Plaintiff,

    v.                                                  9:17-CV-0904
                                                                  (BKS/DJS)

ERIN SMITH, et al.,

                      Defendants.

───────────────────────────────

APPEARANCES:

KEVIN V. BYNG
11-B-2816
Plaintiff, pro se
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

I.    **INTRODUCTION**

       This civil rights action pursuant to 42 U.S.C. § 1983 was commenced by pro se plaintiff Kevin V. Byng in the Western District of New York ("Western District") in April 2016. Dkt. No. 1 ("Compl."). Plaintiff was confined at Collins Correctional Facility ("Collins C.F.") when he commenced this action. *Id*. at 10. Plaintiff also filed an application to proceed in forma pauperis. Dkt. No. 7 ("IFP Application"). In a Decision and Order filed on June 27, 2016, Chief United States District Judge Frank P. Geraci of the Western District granted plaintiff's IFP Application. Dkt. No. 11 ("Western District June 2016 Order"). After reviewing

the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Chief District Judge Geraci dismissed plaintiff's official capacity claims and claims brought pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104-191, 110 Stat.1936, with prejudice, and dismissed the remaining claims without prejudice unless plaintiff filed an amended complaint by July 29, 2016. *Id*. at 7.

On July 27, 2016, plaintiff filed an amended complaint. Dkt. No. 12 ("Am. Compl."). By Decision and Order filed on August 2, 2017, Chief District Judge Geraci concluded that the events set forth in the amended complaint took place, if at all, at Mohawk Correctional Facility ("Mohawk C.F."), which is located in the Northern District of New York ("Northern District"). Dkt. No. 22 (the "Western District August 2017 Order"). Accordingly, Chief District Judge Geraci transferred this action to the Northern District without reviewing the sufficiency of the amended complaint. *Id*.

On October 24, 2017, this Court issued a Decision and Order (the "October 2017 Order") revoking plaintiff's in forma pauperis status because plaintiff had three "strikes" prior to commencing this action and does not qualify for the "imminent danger" exception set forth in 28 U.S.C. § 1915(g). Dkt. No. 28. This Court further ordered that this action was to be dismissed without prejudice, without further Order of this Court, unless within thirty (30) days of October 24, 2017, plaintiff paid the four hundred dollar ($400.00) filing fee in full.

Instead of paying the filing fee, plaintiff filed a motion for reconsideration, and, thereafter, a letter in further support of his motion. *See* Dkt. Nos. 31 and 32. Plaintiff asks the Court to reverse its revocation of plaintiff's in forma pauperis status on the basis that one of the three "strikes" noted by the Court in its October 2017 Order should not have been deemed a "strike" because the dismissed action was commenced at a time when plaintiff

Case 9:17-cv-00904-BKS-DJS   Document 35   Filed 12/14/17   Page 3 of 8

was not incarcerated. *Id.*[1]

## I. MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[2] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice. After thoroughly reviewing plaintiff's motion and affording it due consideration in

---

[1] In his letter dated November 9, 2017, plaintiff separately requests that, if the Court denies his motion for reconsideration, the Court "notify the Inmate Records Coordinator . . . that [his] IFP status was revoked under the former Case No. of 16-CV-0279, the Authorization Form is moot, and the $350.00 fee is vacated." Dkt. No. 32. Plaintiff then filed letters dated December 4, 2017 and December 11, 2017, in which he asked the Clerk of the Court to provide this notice to the Inmate Records Coordinator at Collins C.F. Dkt. Nos. 33, 34. The Court addresses this separate request below.

[2] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the Court's October 2017 Order. Plaintiff's sole argument is that the Court erred in determining that the Second Circuit's dismissal of *Byng v. Mamis*, No. 12-1641 – an action commenced in the Southern District of New York as *Byng v. Wright*, No. 09-cv-09924 – should not have been deemed a "strike" because, at the time plaintiff commenced that action, he was not incarcerated. See Dkt. No. 31.[3]

A review of the Southern District of New York docket in *Byng v. Wright*, No. 09-cv-09924, shows that plaintiff commenced that action on December 3, 2009. According to plaintiff's amended complaint in that action, he was freed from incarceration on February 26, 2009. *See Byng v. Wright*, No. 09-cv-09924, Dkt. No. 9 at 1.[4] Thus, it appears plaintiff was not incarcerated at the time he commenced that action.

Regardless, on March 23, 2011, plaintiff filed a pro se memorandum to indicate a change of address to Groveland Correctional Facility. Wright Dkt. No. 23. Thereafter, and while plaintiff remained incarcerated, the defendants filed a motion to dismiss, which the court granted on March 19, 2012. *See* Wright Dkt. No. 44. In the court's Decision and Order, the court "certifie[d] pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from th[e] Order would not be taken in good faith and in forma pauperis status is denied." *Id*. at 26. On

---

[3] Plaintiff does not challenge the Court's findings with respect to the other two dismissals deemed to constitute "strikes." Plaintiff has, however, requested copies of the rulings in *Byng v. Times Union,* No. 6:97-cv-0875 (FJS/DRH), Dkt. No. 4, Decision and Order (N.D.N.Y. Sept. 26, 1997) and *Byng v. Mamis,* No. 12-1641, Order (2d Cir. Oct. 26, 2012), issued as a Mandate (2d Cir. Feb. 25, 2013), which resulted in the accumulation of strikes. *See* Dkt. No. 31. The Clerk of the Court shall provide plaintiff with copies of these documents, along with the Notice of Appeal filed by plaintiff in *Byng v. Wright*, No. 09-cv-09924, Dkt. No. 46 (S.D.N.Y. Apr. 11, 2012), which establishes that, at the time plaintiff took his appeal in that case, he was incarcerated.

[4] References to the docket in *Byng v. Wright*, No. 09-cv-09924 shall be hereinafter cited as "Wright Dkt. No."

4

March 21, 2012, a Clerk's Judgment was entered consistent with the court's Decision and Order. Wright Dkt. No. 45.

On April 11, 2012, plaintiff, while still incarcerated, filed a notice of appeal. Wright Dkt. No. 46. On February 25, 2013, the United States Court of Appeals for the Second Circuit issued a Mandate that, among other things, denied plaintiff's motion for leave to proceed in forma pauperis, and dismissed the appeal "because it lacks an arguable basis in law or fact." Wright Dkt. No. 48.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[5]

Clearly, the statute applies to appeals brought by a prisoner while incarcerated. Thus, plaintiff's appeal of the district court's decision in *Byng v. Wright,* No. 09-cv-09924, Dkt. No. 44 (S.D.N.Y. Mar. 20, 2012) while he was incarcerated, and the Second Circuit's dismissal of that appeal "because it lacks an arguable basis in law or fact[,]" constitutes a "strike" for purposes of Section 1915(g). *See, e.g., Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (appeal dismissed as lacking an arguable basis in fact and law counts as a strike); *Sidney v.*

---

[5] The manifest intent of Congress in enacting Section 1915(g) was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007). The question of whether a prior dismissal is a "strike" is a matter of statutory interpretation and, as such, is a question for the court to determine as a matter of law. *Id*. at 442-43.

*Fischer*, No. 9:09-CV-1326 (GTS/ATB), 2011 WL 4478679, at *2 (N.D.N.Y. Aug. 8, 2011) ("The appeal was dismissed for lacking 'an arguable basis in fact or law,' which brings it within the ambit of the three strikes provision."), report and recommendation adopted sub nom. 2011 WL 4478556 (N.D.N.Y. Sept. 26, 2011); *Williams v. United States*, No. 5:13-CV-422 (NAM/DEP), 2014 WL 991839, at *4 (N.D.N.Y. Mar. 13, 2014) (same).

Accordingly, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.  Thus, plaintiff's motion for reconsideration of the October 2017 Order is denied in its entirety.

The Court previously ruled that this action was to be dismissed without prejudice, without further Order of this Court, unless within thirty (30) days of October 24, 2017, plaintiff paid the four hundred dollar ($400.00) filing fee in full.  The Court hereby extends plaintiff's deadline to pay the four hundred dollar ($400.00) filing fee to thirty (30) days from the date of this Decision and Order.

## II.     REQUEST FOR AN ORDER DECLARING AUTHORIZATION FORM MOOT

Plaintiff has requested that, if his motion for reconsideration is denied, the Court issue an order that "notif[ies] the Inmate Records Coordinator . . . that [plaintiff's] IFP status was revoked under the former Case No. of 16-CV-0279, the Authorization Form is moot, and the $350.00 fee is vacated."  *See* Dkt. No. 32.  Plaintiff has also submitted this request to the Clerk of the Court.  *See* Dkt. Nos. 33, 34.

This case was commenced in the Western District as *Byng v. Smith*, 16-cv-0279, Dkt. No. 1, Complaint (W.D.N.Y. Apr. 7, 2016), and re-opened as *Byng v. Smith*, 17-cv-0904 (BKS/DJS) upon the case being transferred to this Court from the Western District.  The

6

informa pauperis status that was granted to plaintiff by the Western District when this action was commenced was revoked by this Court on October 24, 2017.

In the Court's October 2017 Order, the Court directed the Clerk of the Court to notify the Superintendent of the facility designated by plaintiff as his current location that plaintiff's in forma pauperis status for this action was revoked effective as of the date of that Order and that the authorization form filed in this action is of no further force and effect and should be vacated. Dkt. No. 28.[6] The Clerk of the Court issued such notice on October 24, 2017. *See* Dkt. No. 29. For the sake of clarity, the Clerk of the Court is directed to provide plaintiff, the Superintendent of Collins C.F., and the person identified by plaintiff in Dkt. No. 33 as the Inmate Records Coordinator at Collins C.F. with a copy of this notice, the October 2017 Order, and this Decision and Order.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 31) is **DENIED** in all respects; and it is further

**ORDERED** that this action shall be **DISMISSED without prejudice**, without further Order of this Court, unless **within thirty (30) days** of the filing date of this Decision and Order, plaintiff pays the four hundred dollars ($400.00) filing fee in full; and it is further

**ORDERED** that, upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review of plaintiff's amended complaint in

---

[6] The authorization form was processed by the Western District before the action was transferred here.

accordance with 28 U.S.C. § 1915A;[7] and it is further

**ORDERED** that if plaintiff fails to timely comply with this Decision and Order, the Clerk is directed to enter judgment indicating that this action is **DISMISSED**, **without prejudice**, without further order of this Court, and close this case; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff, the Superintendent of Collins C.F., and the person identified by plaintiff in Dkt. No. 33 as the Inmate Records Coordinator at Collins C.F. with a copy of the October 2017 Order (Dkt. No. 28), the notice served by the Clerk of the Court on October 24, 2017 (Dkt. No. 29), and this Decision and Order; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with a copy of the documents identified in footnote 3.

**IT IS SO ORDERED.**

Dated:  December 14, 2017
        Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

---

[7] Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court expresses no opinion regarding the sufficiency of plaintiff's amended complaint at this time.